UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH KUENZLER,
    Plaintiff

Case No. 1:08-cv-783
Weber, J.
Litkovitz, M.J.

vs

EPER PAMPUR
    Defendant

REPORT AND
RECOMMENDATION

This matter is before the Court on defendant Eper Pampur's motion for judgment on the pleadings or in the alternative for summary judgment (Doc. 68), plaintiff's response in opposition (Doc. 72), and defendant's reply memorandum. (Doc. 73).

## I. Background

Plaintiff, proceeding pro se, filed the original complaint in this matter against Hamilton County Sheriff Simon Leis and Deputy Sheriff John Doe on November 5, 2008, while he was incarcerated at the Hamilton County Justice Center. (Doc. 1). Plaintiff claimed he was violently assaulted by the John Doe defendant while in the Sheriff's custody and suffered serious injuries as a result. (*Id.*). Plaintiff filed an amended complaint on July 16, 2010, while an inmate at the Madison Correctional Institution in London, Ohio. (Doc. 20). In the amended complaint, plaintiff alleged that after he was arrested on November 2, 2008, and placed in a cell-block at the Hamilton County Justice Center, he was violently assaulted for no reason by a "Correctional Deputy Sheriff" acting under the authority of Sheriff Simon Leis. Plaintiff alleged that as a result of the assault, he suffered a broken nose, three cracked ribs, and severe damage to his face.

Plaintiff sought compensatory damages jointly and severally against defendants for physical and emotional injuries he sustained as a result of the beating, damages against defendant John Doe in his individual capacity, and punitive damages against defendant John Doe.

On March 14, 2011, plaintiff moved for leave to file an amended complaint to identify Deputy Sheriff Eper Pampur as the John Doe defendant named in the original and amended complaints. (Doc. 40). The Court granted plaintiff's motion on May 18, 2011 (Doc. 44), and plaintiff's amended complaint naming Pampur as the John Doe defendant was filed that same date. (Doc. 45). The claims against defendant Leis were subsequently dismissed by Order dated July 12, 2011. (Doc. 55).

Defendant Pampur filed an answer to plaintiff's amended complaint on December 1, 2011. (Doc. 65). In his answer, defendant denied the allegations of plaintiff's amended complaint as written and claimed that the physical altercation occurred as a result of plaintiff's provocation. (*Id.*, p. 1.). Defendant raised several affirmative defenses, including the defense that plaintiff's claims are barred by the applicable statute of limitations. (*Id.*). On December 27, 2011, defendant filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56 on the ground that plaintiff's claims are barred by Ohio's two-year statute of limitations governing claims under 42 U.S.C. § 1983. (Doc. 68). Defendant has submitted his affidavit in support of the motion. (Doc. 68, Attachment). Plaintiff filed an opposing memorandum and affidavit through counsel. (Doc. 72; Attachment).

## II. Defendant's motion for judgment on the pleadings or in the alternative for summary judgment

Defendant Pampur contends that it appears plaintiff brings a claim against him under 42 U.S.C. § 1983, which is governed by Ohio's two-year statute of limitations and begins to run when the individual knows or has reason to know of his injury. (Doc. 68 at 1-2). Defendant contends that plaintiff undoubtedly knew of his injury on the date it was allegedly inflicted on him, and the limitations period therefore expired on November 2, 2010. Defendant argues plaintiff's claim is barred because plaintiff did not move to amend his complaint to name Pampur as a defendant in this action until March 14, 2011, nearly four months after the period of limitations expired. Defendant contends plaintiff has no justification for failing to name him as a defendant prior to expiration of the limitations period. Defendant states in his affidavit that he has continuously resided at the same address since 2003; plaintiff was the prosecuting witness on a criminal complaint that was filed against Pampur in 2008 and concluded in September 2009, so that plaintiff was aware of his name and identity at that time; and defendant had no knowledge this action had been filed prior to November 10, 2011, he has not been employed by the Hamilton County Sheriff's Department since December 24, 2008, and he was not advised by anyone at the Sheriff's Department that the case had been filed. (Doc. 68, Attachment).

## III. Plaintiff's opposing memorandum and affidavit

In response to defendant's motion, plaintiff contends that he has a justifiable excuse for failing to earlier learn Pampur's identity. Plaintiff contends he was incarcerated at the Madison Correctional Institution when he filed the pro se complaint in this action on November 5, 2008, and he had no means of discovering defendant's name. Plaintiff contends he first learned

3

defendant Pampur's identity when an article was published in *The Cincinnati Enquirer* on March 9, 2011.

In addition, plaintiff asserts that Fed. R. Civ. P. 15(c) allows the May 18, 2011 amendment of his complaint to date back to the original complaint. Plaintiff contends the requirements for relation back are satisfied as Pampur will not be prejudiced in maintaining a defense on the merits of plaintiff's claims against him because (1) defendant was prosecuted in 2008 and 2009 for the assault "and presumably put up whatever defense he has in that proceeding," and (2) even though defendant claims he had no knowledge of this action prior to November 10, 2011, "reasonable diligence on his part would have told him that a civil action for damages was likely to arise out of the assault for which he was prosecuted. . . ."  (Doc. 72 at 2-3).

Plaintiff has submitted his affidavit in opposition to defendant's motion. (Doc. 72-1). In the affidavit, plaintiff states he was a prisoner at Madison Correctional Institution when he filed the original complaint in this action; he did not know the identity of the deputy sheriff who had beaten him at that time; he learned of the deputy sheriff's identity from an article published in *The Cincinnati Enquirer* on March 9, 2011; and he filed an amended complaint naming Pampur as a defendant in this action at his first opportunity thereafter.

### IV. Defendant's motion should granted.

#### A. The motion should be treated as a motion for summary judgment.

Fed. R. Civ. P. 12(c) provides that "after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a motion to

4

dismiss under Rule 12(b)(6), *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), which authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(d) provides that where, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. In such a case, the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *Id.* When a party is aware that material outside the pleadings has been presented to the court, the party is on notice the Rule 12(b)(6) motion may be treated as a motion for summary judgment. *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986) (citing *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citing *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975) (court not required to provide notice of intent to treat 12(b)(6) motion as a Rule 56 motion where movant filed affidavits with motion and opposing party made no effort to exclude affidavits and instead responded with its own)). *See also Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993); *Smith v. The Cheesecake Factory Restaurants, Inc.*, No. 3:06-00829, 2010 WL 441562, at **3-4 (M.D. Tenn. Feb. 4, 2010) (court converted motion to dismiss to motion for summary judgment where both parties relied on proof that fell outside pleadings).

Here, plaintiff was on notice that defendant's motion may be treated as one for summary judgment. Defendant moved for judgment on the pleadings or in the alternative for summary judgment and submitted materials outside the pleadings in support of his motion. (Doc. 68). Plaintiff has had ample opportunity to respond to defendant's submission and to file additional materials, and plaintiff filed an affidavit in support of his opposing memorandum through

5

dismiss under Rule 12(b)(6), *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001), which authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(d) provides that where, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. In such a case, the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *Id.* When a party is aware that material outside the pleadings has been presented to the court, the party is on notice the Rule 12(b)(6) motion may be treated as a motion for summary judgment. *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986) (citing *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citing *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975) (court not required to provide notice of intent to treat 12(b)(6) motion as a Rule 56 motion where movant filed affidavits with motion and opposing party made no effort to exclude affidavits and instead responded with its own). *See also Song v. City of Elyria, Ohio,* 985 F.2d 840, 842 (6th Cir. 1993); *Smith v. The Cheesecake Factory Restaurants, Inc.*, No. 3:06-00829, 2010 WL 441562, at **3-4 (M.D. Tenn. Feb. 4, 2010) (court converted motion to dismiss to motion for summary judgment where both parties relied on proof that fell outside pleadings).

Here, plaintiff was on notice that defendant's motion may be treated as one for summary judgment. Defendant moved for judgment on the pleadings or in the alternative for summary judgment and submitted materials outside the pleadings in support of his motion. (Doc. 68). Plaintiff has had ample opportunity to respond to defendant's submission and to file additional materials, and plaintiff filed an affidavit in support of his opposing memorandum through

5

counsel. (Doc. 72). Under these circumstances, it is appropriate to treat defendant's motion as one for summary judgment.

Summary judgment is proper "if the depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. On a motion for summary judgment, the movant has the burden of showing there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be "no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original).

### B. Plaintiff's affidavit should be disregarded because it is defective.

The affidavit plaintiff has attached to his opposing memorandum should not be considered by the Court because the affidavit suffers from a number of defects. First, the affidavit, which bears only the electronic signatures of plaintiff and plaintiff's counsel, is not properly notarized in accordance with Ohio Rev. Code § 147.04, which requires that the name of the notary public appear "near his signature on each document signed by him." *See Fox v. Brown Memorial Home, Inc.*, No. 2:09cv915, 2010 WL 4983153, at *1 (S.D. Ohio Dec. 2, 2010) (King, M.J.) (purported electronic signature does not satisfy § 147.04). Moreover, because the affidavit

6

is electronically signed by plaintiff, it does not appear that the document was sworn and subscribed in the notary's presence. In addition, the affidavit is factually inaccurate. Plaintiff states that he filed his pro se action while incarcerated at the "Madison County correctional facility," but the record shows he actually filed the original complaint while still incarcerated at the Hamilton County Justice Center where the incident giving rise to the lawsuit occurred. (Doc. 1). Finally, although the affidavit indicates that *The Cincinnati Enquirer* article that first gave plaintiff notice of Pampur's identity is attached to the affidavit, there is no attachment. For all of these reasons, the affidavit is defective and should not be considered by the Court in resolving defendant's motion for summary judgment.[1]

### C. Summary judgment should be granted in favor of defendant Pampur.

In all constitutional tort actions, the Court borrows the statute of limitations for personal torts from the State where the claim arose. *Hardin v. Straub,* 490 U.S. 536, 538 (1989). The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. Ohio Rev. Code § 2305.10. *Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003) (citing *Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989) (en banc)). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Fox v. DeSoto,* 489 F.3d 227, 233 (6th Cir. 2007) (citing *Ruff v. Runyon,* 258 F.3d 498, 500 (6th Cir. 2001)).

---

[1]Even if the undersigned were to take the affidavit into consideration, the affidavit would not alter the recommended disposition of defendant's motion for summary judgment for the reasons explained below.

Plaintiff knew of the injury giving rise to his claim against Pampur on the date of the assault, which was November 2, 2008.[2] Plaintiff therefore had two years from that date to bring his claim about Pampur. Plaintiff did not move to amend the complaint to add Pampur as a named defendant until March 14, 2011, over four months after the two-year period of limitations expired on November 2, 2010.

Plaintiff nonetheless contends that the claim is not time-barred because it dates back to the date of his original pleading under Rule 15(c)(1)(C). An amendment relates back to the date of the original pleading under this provision when the amendment asserts a claim that arose out of the conduct set out in the original pleading and:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted . . . and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Sixth Circuit law clearly provides that the substitution of a "John Doe" defendant with a named party is not a "mistake concerning the proper party's identity" for purposes of Rule 15(c)(1)(C)(ii) but is a change in parties. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010) (citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir. 1991) (Rule 15(c) does not allow for the addition of new parties after the statute of

---

[2]Based on the undisputed facts, plaintiff also should have known of Pampur's identity in 2008. Plaintiff states that Pampur was prosecuted in 2008 and 2009 for the assault against him (Doc. 72 at 3) and plaintiff does not dispute that he was a witness on behalf of the prosecution in the criminal proceeding brought in 2008 against Pampur. (Pampur Affidavit, Doc. 68-1). Plaintiff offers no explanation for why he did not discover Pampur's identity in 2008 or seek to obtain records of the criminal complaint or proceedings containing Pampur's name prior to expiration of the limitations period.

8

limitations has expired); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (substituting a named defendant for a "John Doe" defendant is considered a change in parties rather than a mere substitution of parties)). Rule 15(c) "allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe'. . . ." *Smith v. City of Akron*, No. 10-4418, 2012 WL 1139003, at *2 (6th Cir. 2012) (collecting cases). The Rule was not designed to correct the situation where a plaintiff was not mistaken about the identity of the parties he intended to sue but rather "did not know who they were and apparently did not find out within the . . . limitations period." *Id*., at *1 (citing *In re Kent Holland*, 928 F.2d at 1449-50; *Cox*, 75 F.3d at 240; *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008)).

In accordance with governing Sixth Circuit case law, Rule 15(c) does not allow relation back of the claim against defendant Pampur under the facts presented. Plaintiff did not make a mistake concerning Pampur's identity that he sought to correct by amending the complaint. Instead, he amended the complaint to add Pampur as a new, previously unknown defendant in place of the John Doe defendant, which is considered a change in parties. Because plaintiff did not move to add Pampur as a defendant to the lawsuit until after the statute of limitations had expired, Rule 15(c)(1)(C)(ii) does not allow for the addition of Pampur as a party to this case.

Even assuming the mistaken identity requirement of Rule 15(c)(1)(C)(ii) were satisfied here, there is no evidence that the other requirements of Rule 15(c) are met. First, plaintiff does not dispute Pampur's sworn statement that he had no knowledge of this action prior to November 10, 2011 (Doc. 68-1, Pampur Affidavit, ¶ 3), so there is no dispute that Pampur did not receive

notice of this action within the time period provided by Rule 4(m)[3] for serving the summons and complaint. Rule 15(c)(1)(C)(i). Second, Pampur has not been employed by the Hamilton County Sheriff's Office since December 2008 (Doc. 68-1, Pampur Affidavit, ¶ 4), which is long before service was executed on defendant Sheriff Leis on January 25, 2011 (Doc. 32). Thus, there is no reason Pampur knew or should have known within the time period provided under Rule 4(m) that this action would have been brought against him. Rule 15(c)(1)(C)(ii).

For these reasons, there is no dispute that plaintiff added Pampur as a defendant to this lawsuit after the two-year statute of limitations had expired. Nor is there any disputed issue of fact that the amendment adding Pampur as a defendant does not relate back to the date of the original pleading in this matter. Accordingly, plaintiff's complaint against defendant Pampur under 42 U.S.C. § 1983 is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant Pampur's motion for summary judgment (Doc. 68) be **GRANTED**, judgment be entered in favor of defendant Pampur, and this case be **DISMISSED** from the docket of the Court.

Date: 6/15/12

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Rule 4(m) allows 120 days for service of the complaint.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOESPH KUENZLER,
Plaintiff,

vs

EPER PAMPUR,
Defendant.

Civil Action No. 1:08-cv-783
Weber, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).