1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOSEPH KUENZLER,

        Plaintiff

    v.                                                    Case No. 1:08-cv-783-HJW

EPER PAMPUR,

        Defendant

## ORDER

This matter is before the Court upon the defendant's "Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment" (doc. no. 68), which plaintiff opposes. The matter was referred to the Magistrate Judge, who issued a "Report and Recommendation" (doc. no. 77), recommending that summary judgment be granted to defendant. Plaintiff filed objections (doc. no. 78), defendant responded (doc. no. 79), and plaintiff replied (doc. no. 80). This Court heard oral arguments on December 11, 2012. Upon a *de novo* review of the record, including plaintiff's objections and counsels' arguments at the hearing, the Court will <u>overrule</u> the objections, <u>affirm</u> the Report and Recommendation, and <u>grant</u> the defendant's motion, for the following reasons:

**I. Background**

On November 2, 2008, plaintiff was arrested on criminal charges and was detained at the the Hamilton County Justice Center. Several days later, he wrote a

letter to United States District Judge Sandra Beckwith, complaining that while detained, he had sustained serious bodily injuries from an assault by unidentified "correctional deputy sheriff(s)" (doc. no. 1). He alleged that he was "in excruciating pain with no relief, no blankets, and no towels" and that the defendants had "suspended my constitutional rights." Plaintiff's letter was construed as a pro se federal complaint and filed in the docket.

On February 2, 2009, the Court dismissed the complaint for plaintiff's failure to abide by a previous deficiency order and for lack of prosecution (doc. no. 9). Approximately one year and five months later, on June 21, 2010, the pro se plaintiff filed a motion to re-open the case (doc. no. 13), alleging that he had learned on April 6, 2009 that his case had been dismissed. Plaintiff indicated that he had been transferred to another facility and had not received the notice of dismissal, which was sent to his previous address at the Hamilton County Justice Center and not forwarded to him at the Madison Correctional Institution in London, Ohio. Plaintiff had failed to notify the Court of his change of address.

The Court construed plaintiff's motion as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), reopened the case, and ordered plaintiff to submit an amended complaint and service copies within thirty days (doc. no. 18, "Order," June 29, 2010). On July 16, 2010, plaintiff filed an amended complaint naming Sheriff Simon Leis and a "John Doe" as defendants (doc. no. 20). Plaintiff sought damages for his injuries (i.e. three cracked ribs, a broken nose, and facial injuries). Plaintiff did not conduct any discovery in his case.

3

The following year, on February 8, 2011, Sheriff Leis filed a motion for judgment on the pleadings (doc. no. 35). In response, plaintiff sought to amend his complaint again, indicating that he had learned the name of the deputy sheriff who assaulted him from an article published in the Cincinnati Enquirer on March 9, 2011. The Magistrate Judge granted leave to amend, but recommended that Sheriff Leis be dismissed from the suit (doc. no. 44). Plaintiff's second amended complaint was filed on May 18, 2011, naming Sheriff Simon Leis and Deputy Sheriff Eper Pampur as defendants (doc. no. 45). The Court agreed with the Magistrate Judge's recommendation and granted the motion for judgment on the pleadings as to Sheriff Leis, who had no involvement in the incident (doc. no. 55). Plaintiff filed a notice of interlocutory appeal (doc. no. 56). The Sixth Circuit Court of Appeals dismissed the appeal on September 13, 2011 (doc. no. 58). The case was reinstated on this Court's active docket on October 18, 2011. Plaintiff thereafter advised the Court in writing that his address had changed. He indicated he was released from custody on November 4, 2011 (doc. no. 78-1, ¶ 30).

On December 27, 2011, defendant Pampur filed a "Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment" (doc. no. 68), asserting that plaintiff had failed to assert a claim against him until four months after the two-year statute of limitations had expired. After the pro se plaintiff received a court notice about responding to the dispositive motion, plaintiff advised the Court in writing on February 9, 2012, that he was now actively seeking legal counsel for the lawsuit he had initiated in 2008 (doc. no. 70). The Court gave

him further time to respond (doc. no. 71). Plaintiff's counsel then filed a response on plaintiff's behalf, arguing that the amendment should relate back to the date of the original pleading (doc. no. 72).

On June 15, 2012, the Magistrate Judge recommended that summary judgment be granted to the remaining defendant for two reasons: 1) plaintiff had added Pampur as a defendant months after the statute of limitations had expired, and 2) it was undisputed that the amendment adding Pampur as a defendant did not relate back to the date of the original pleading (doc. no. 77). The plaintiff filed objections on a new ground, and defendant Pampur responded. The parties, through respective counsel, presented oral arguments on December 11, 2012. This matter is fully briefed and ripe for consideration.

**II. Discussion**

In the Report and Recommendation, the Magistrate Judge recommended that "there is no dispute that plaintiff added Pampur as a defendant to this lawsuit after the two-year statute of limitations had expired" and that such amendment "does not relate back to the date of the original pleading" (doc. no. 77 at 11). Plaintiff's counsel indicated at the hearing that he was not objecting to such recommendations. As the plaintiff has made no objection to these underlying issues, the Court will not address them here, except to note that it is undisputed that defendant Pampur had no notice within the period prescribed by Rule 15(c) that plaintiff intended to bring an action against him. See <u>Beverly v. MEVA Formwork Systems, Inc</u>., 2012 WL 4009711 (6th Cir. (Ky.)) (finding that the added

5

defendant lacked notice of the lawsuit); <u>Krupski v. Costa Crociere</u>, 130 S.Ct. 2485, 2497 (2010) (holding that the added defendant's knowledge is the focus of the Rule 15(c) inquiry).

In his objections, plaintiff presents a new argument, namely, that the Court should apply equitable tolling and not dismiss his case as time-barred. The Court observes that the Magistrate Judge did not have the opportunity to consider this newly raised argument. The Magistrate Judge Act, 28 U.S.C. § 631 et seq., provides for *de novo* review by the district court when a party files timely objections. "[A]bsent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." <u>Murr v. United States</u>, 200 F.3d 895, 902 fn.1 (6th Cir. 2000). See also, <u>United States v. Waters</u>, 158 F.3d 933, 936 (6th Cir. 1998) (citing <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426-27 (10th Cir.1996) (collecting cases holding that issues raised for first time in objections to a report and recommendation are deemed waived)); <u>The Glidden Co. v. Kinsella</u>, 386 Fed.Appx. 535, 544 fn.2 (6th Cir. 2010) (observing that plaintiff did not argue the issue before the magistrate judge and that the district judge properly declined to consider the argument on that basis). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." <u>Greenhow v. Sec. of H.H.S.</u>, 863 F.2d 633, 638–39 (9th Cir. 1988), overruled on other grounds by <u>U.S. v. Hardesty</u>, 977 F.2d 1347 (9th Cir.

6

1992), cert. denied, 507 U.S. 978 (1993). Plaintiff has waived this new argument by not presenting it to the Magistrate Judge.

Even if the Court were to consider plaintiff's newly-raised argument, plaintiff is not entitled to equitable tolling. A statute of limitations may be equitably tolled if the plaintiff has pursued his rights diligently and extraordinary circumstance nonetheless prevented timely filing. Graham-Humphreys v. Memphis Brooks Mus. of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000) (a court may equitably toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control"); Keeling v. Warden, Lebanon Correctional Inst., 673 F.3d 452 (6th Cir. 2012), cert. denied, 133 S.Ct. 141 (2012). In the present case, the pro se plaintiff timely filed his case, but then neglected to do any appropriate or timely discovery. Plaintiff made little or no effort to find out the name of the deputy who allegedly assaulted him (even though plaintiff was the complaining witness in other proceedings against that deputy). Plaintiff has not shown that he pursued his rights diligently, nor that any "extraordinary circumstances" prevented him from timely asserting a claim against Deputy Pampur.

The party seeking equitable tolling bears the burden of proving he is entitled to it. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling is used sparingly by federal courts. Graham-Humphreys, 209 F.3d at 560; Robertson v. Simpson, 624 F.3d 781, 783-84 (6th Cir. 2010). The "principles of equitable tolling . . . . do not extend to what is at best a garden variety claim of excusable neglect" that

7

causes a litigant or attorney to miss a deadline. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990). In Irwin, the United States Supreme Court explained:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies . . . or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We generally have been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Id. at 96. In other words, a plaintiff who does not diligently pursue his rights is not entitled to equitable tolling. Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (holding that one who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence); Cirotto v. Trader Pub. Co., 2000 WL 33911295 (S.D.Ohio), affirmed 21 Fed.Appx. 412 (6th Cir. 2001).

Plaintiff contends he has pursued his rights diligently, but the file reflects otherwise, particularly with respect to discovery. Plaintiff's initial letter was generously construed as a federal complaint in 2008, but he made few efforts over the next few years to discover the identity of his assailant. Plaintiff seeks to excuse his inactivity by pointing out that he was incarcerated and pro se. Such argument is unavailing, as numerous pro se inmates vigorously pursue their cases. A plaintiff's pro se status and lack of knowledge about the law is not enough to amount to "extraordinary circumstance" that would justify equitable tolling. See Keeling, 673 F.3d 452; Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 751–52 (6th Cir. 2011), cert. denied, 133 S.Ct. 187 (2012); Winkfield v. Bagley, 66 Fed.Appx. 578, 583 (6th Cir. 2003), cert. denied, 540 U.S. 969 (2003).

8

**Plaintiff argues that he did not learn the name of his assailant until he saw a March 9, 2011 newspaper article about it. Plaintiff indicates he wrote a letter to the county prosecutor, but received no response. He made little or no other efforts to learn the identity of his assailant in the two years after he was injured. Plaintiff cannot reasonably expect the Court to conduct discovery for him, as it is not the Court's role to do so. Plaintiff did not amend his complaint to add the name of deputy Pampur until approximately four months after the statute of limitations expired. He has not shown that any "extraordinary circumstances" prevented him from timely learning the deputy's identity.**

**In the Sixth Circuit, five factors are generally relevant to equitable tolling analysis: "(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." <u>Glarner v. U.S. Dept. of Vet. Admin</u>., 30 F.3d 697, 702 (6th Cir. 1994); <u>In re Johnson</u>, 2012 WL 5374122 (6th Cir. 2012).**

**Defendant points out that plaintiff commenced his suit against Sheriff Leis several days after the incident, and thus presumably had actual or constructive notice of the need to timely bring his claims. Given the initial dismissal for "lack of prosecution," plaintiff should reasonably have known that he bore the responsibility to diligently pursue his rights. Moreover, Deputy Pampur was indicted for his actions, and plaintiff was the complaining witness in that separate proceeding. Plaintiff was shown a photographic line-up and identified Deputy**

9

Pampur.[1] Although plaintiff claims he did not learn the deputy's name at that time, he was certainly aware of these other proceedings and could have made some reasonable efforts to obtain the name of the deputy if he had bothered to conduct any appropriate discovery in his own civil lawsuit. In short, plaintiff did not diligently seek to learn the deputy's name. Defendant aptly points out that if plaintiff had conducted timely discovery in this action, he could easily have learned such information. Defendant noted that public records could have provided defendant Pampur's name and address. Although Pampur no longer worked as a deputy as of December 2008, it is undisputed that he has continuously resided at the same local address since the incident in 2008. The defendants did nothing to mislead or otherwise lull the plaintiff into inaction.

Plaintiff did not make reasonable efforts to learn the identity of his assailant, and his single letter to a prosecutor falls quite short of showing that circumstances "beyond his control" prevented him from learning this information. Plaintiff's own lack of diligence in pursuing his rights does not entitle him to equitable tolling of the statute of limitations. The Court has afforded plaintiff all the liberal treatment he was due as a pro se litigant, including numerous extensions of time and reinstatement of his case, even though the plaintiff had failed to advise the court of his change of address and did not diligently monitor the status of his own case. Plaintiff did little to pursue any discovery in his case for several years. When plaintiff finally obtained counsel in this case, the existing delay that led to

---

[1] Deputy Pampur ultimately pled guilty to a misdemeanor, and plaintiff did not testify in any criminal proceeding against the deputy.

10

the recommendation of dismissal had already occurred. Despite present counsel's best efforts to avoid dismissal of this case due to expiration of the statute of limitations, plaintiff's own prior lack of diligence precludes any equitable tolling.

Defendant aptly points out that allowing equitable tolling under these circumstances would essentially eliminate the intended purpose of the statute of limitations and would prejudice Pampur by requiring him to defend against a stale claim that is over five years old. Defendant also points out that plaintiff's pro se status is no excuse, and in any event, plaintiff was represented by counsel during his criminal case, was in contact with other counsel during the pendency of this civil case, and finally retained counsel in this civil action only when faced with dismissal again.

In conclusion, plaintiff did not raise his equitable tolling argument before the Magistrate Judge and therefore waived such argument. Even if the Court were to consider plaintiff's new argument for equitable tolling, plaintiff has not shown that he is entitled to such equitable tolling.

Accordingly, the Court **OVERRULES** the plaintiff's objections, **AFFIRMS** the Report and Recommendation (doc. no. 77), and **GRANTS** the "Motion for Summary Judgment" (doc. no. 68). This case is DISMISSED AND TERMINATED on the docket of this Court.

IT IS SO ORDERED.

                                                s/Herman J. Weber
**Herman J. Weber, Senior Judge
United States District Court**